UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OMAR MONTES, *individually and on behalf of all others similarly situated,*

       *Plaintiff,*

 v.

COUNTY COMFORT HOME SOLUTIONS, INC., *and* JOSEPH JENSEN,

       *Defendants.*

No. 23-CV-7579 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

  Plaintiff Omar Montes, on behalf of himself and similarly situated employees, brought this Action against Defendants County Comfort Home Solutions, Inc., and its owner, Joseph Jensen, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (the "FLSA"), and the New York Labor Law, §§ 190 *et seq.*, §§ 650 *et seq.* (*See generally* Compl. (Dkt. No. 1).) Before the Court is the Parties' Second Motion for Settlement Approval (the "Motion"). (*See* Mot. (Dkt. No. 27).) For the following reasons, the Motion is granted.

## I. Background

  The Court assumes the Parties' familiarity with the factual background and procedural history of the Action, as described in the Court's prior Order. (*See* Order (Dkt. No. 26) 2–3.) On December 6, 2024, the Court denied the Parties' motion for approval of proposed settlement. (*See generally id.*) On December 19, 2024, the Parties filed the instant Motion and appended the proposed settlement agreement, (Dkt. No. 27-1), damages calculations spreadsheet, (Dkt. No. 27-2), and attorney time records, (Dkt. No. 27-3).

II.  Discussion

A.  Standard of Review

Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute."  "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The Second Circuit has held the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  Therefore, the Court must be satisfied the Parties' agreement is "fair and reasonable."  *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (same).

In deciding the fairness of a settlement, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *Burgos v. JAJ Contract Furniture, Inc.*, No. 23-CV-3739, 2024 WL 3834147, at *2 (S.D.N.Y. Aug. 14, 2024) (same).

Although the Court must consider the totality of circumstances, the most significant factors are:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Burgos*, 2024 WL 3834147, at *2 (same); *Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same). Certain other factors weigh against finding the proposed settlement fair and reasonable, which include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA noncompliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336; *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same).

This decision "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (citation and quotation marks omitted). To this end, courts require information regarding:

> the nature of [the] plaintiffs' claims, ... the litigation and negotiation process, the employers' potential exposure ... to [the] plaintiffs ..., the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award.

*Id.* (first alteration in original) (quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

B.  Analysis

In its prior Order, the Court concluded that it could not approve the proposed settlement agreement because it could not determine whether the settlement amount was fair and reasonable

3

as the supplied calculations lacked the methodology and underlying figures used to calculate the total best-case recovery and settlement amount. (*See* Order 6–7.) With respect to the other relevant factors, the Court found the proposed settlement agreement reasonable. (*See id.* 7–13.)

When reviewing FLSA settlements, courts will not approve a settlement agreement unless the Parties have provided a detailed explanation of the proposed settlement amount. *See Zekanovic v. Aigoes Prime Cut of Westchester, Inc.,* No. 19-CV-8216, 2020 WL 5894603, at *3 (S.D.N.Y. Oct. 5, 2020) (denying a motion for settlement approval because the Parties failed to provide a detailed calculation of the settlement amount); *Nights of Cabiria,* 96 F. Supp. 3d at 176 ("The parties have not provided the court with each party's estimate of the number of hours worked or the applicable wage." (citation and alteration omitted)). The requirement for a detailed explanation includes both the "underlying data," such as hours and wages, as well as the methodology used in creating calculations. *See Gaspar*, 2015 WL 7871036 at *2 (noting that although the court was satisfied with the parties' explanation of the methodology used to generate settlement amounts, the parties failed to submit the "underlying data" to which the methodology was applied (emphasis omitted)).

The instant Motion appends a spreadsheet detailing the Plaintiff's potential best-case recovery, (Dkt. No. 27-2), and includes details about the methodology employed, including the relevant number of hours and weeks worked and the wages owed, (*see* Mot. 2–3). The accompanying methodology explains the basis for the figures, as well as how the relevant components ultimately comprise the total best-case recovery total. (*See id.*) Thus, the Court finds that the additional information regarding hours and wages is sufficient for it to determine if the settlement agreement is "fair and reasonable."

The Court notes that, while Plaintiff's proposed recovery is a relatively small percentage of the best-case recovery amount, Plaintiff's "possible recovery is only one factor relevant to settlement approval." *Penafiel*, 2015 WL 7736551, at *2. Plaintiff's proposed recovery of $22,830.67 represents just under 10% recovery of his best-case recovery of $239,275. (*See* Mot. 2–3.) While on the low end, the recovery is not so meager as to conclusively weigh against finding the settlement agreement fair and reasonable. *See, e.g.*, *McPherson v. Look Ent. Ltd.*, No. 23-CV-4273, 2025 WL 43165, at *3–4 (E.D.N.Y. Jan. 7, 2025) (holding that a settlement amount equivalent to 8.5% of the plaintiffs' best-case scenario recovery was acceptable); *Gomez v. Bogopa Madison LLC*, No. 17-CV-5006, 2017 WL 6594226, at *2 (S.D.N.Y. Dec. 21, 2017) (approving "[a] proposed settlement [that] would likely be a very small percentage of Plaintiff's potential recovery at trial"); *Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703, 2019 WL 5449061, at *1–2 (S.D.N.Y. Oct. 24, 2019) (approving settlement of $40,000 where the plaintiffs' estimated potential recovery was $570,000, based on, inter alia, a dispute about the plaintiff's exempt status and number of hours worked); *Penafiel*, 2015 WL 7736551, at *2 (approving a proposed settlement amount of $21,000, which the court characterized as "a tiny fraction of . . . [the] potential recovery at trial" of $522,389.30).

Moreover, there are substantial legal and factual disputes that go to the core of Plaintiff's claims—Defendants explicitly deny any wrongdoing, the Parties "have carefully assessed the strengths and weaknesses of their respective positions," and they believe that "continuing to develop the record will only serve to enlarge costs on both sides and will not serve any useful purpose." (Mot. 4.) These issues create significant litigation risks that weigh in favor of finding the settlement amount fair and reasonable. *See Briggs v. DPV Transp., Inc.*, No. 21-CV-6738, 2022 WL 562935, at *2 (S.D.N.Y. Feb. 23, 2022) (finding that the existence of "bona fide

disputes . . . over every basis on which [p]laintiffs claim[ed] they [were] entitled to damages" weighed in favor of finding the settlement amount fair and reasonable and collecting cases); *Redzepagic v. Hammer*, No. 14-CV-9808, 2017 WL 1951865, at *1 (S.D.N.Y. May 8, 2017) (approving an agreement where "Plaintiff face[d] a large and uncertain range of possible recovery").

In addition, the Parties have established that the settlement was at arm's length, reached with the assistance of competent counsel, and "after extensive negotiations," (*see* Mot. 4), all of which weigh in favor of approval, *see Lliguichuzhca*, 948 F. Supp. 2d at 366 ("Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable." (citation omitted)). Considering the barriers Plaintiff faces in obtaining best-case recovery and the presence of arm's length bargaining, the proposed settlement amount is fair and reasonable.

The Court also is satisfied that the requested attorney's fee award and costs are similarly reasonable. *See* Order 13 (noting the Court found the request attorneys' fee award and costs reasonable if it assumed the settlement amount was reasonable). The *Wolinsky* factors collectively weigh in favor of settlement, *see Wolinsky*, 900 F. Supp. 2d at 335–36, and allowing the Parties to settle would afford them certainty, finality, and resolution of their dispute without the attendant risks and delay inherent in litigation generally, *see, e.g.*, *Zamora*, 2016 WL 1366653, at *1 (approving FLSA settlement where it would "allow the parties to avoid the costs associated with continued litigation" and "would provide certainty whereas continued litigation would carry significant risks"). The Plaintiff's position as the only employee affected also weighs in favor of approving the settlement. *See Escobar v. Fresno Gourmet Deli Corp.*, No. 16-CV-6816, 2016 WL 7048714, at *3 (S.D.N.Y. Dec. 2, 2016) (noting that no other employee came forward and that the plaintiff would "be the only employee affected by the

settlement and dismissal," and that these facts supported approval of the proposed settlement); *Penafiel*, 2015 WL 7736551 at *2 (noting that the fact "[n]o other employee ha[d] come forward" supported settlement approval); *Santos v. Yellowstone Props., Inc.*, No, 15-CV-3986, 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) (same).

### III.  Conclusion

For the reasons set forth above, the Parties' Motion is granted and settlement is approved.

SO ORDERED.

Dated:   April 21, 2025
        White Plains, New York

KENNETH M. KARAS
United States District Judge